UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BJ WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| OCWEN LOAN SERVICING, LLC; | § | |
| POWER DEFAULT SERVICES, INC.; | § | |
| AND U.S. BANK, N.A., AS TRUSTEE | § | |
| FOR NEW CENTURY HOME LOAN | § | |
| EQUITY TRUST, SERIES 2001-NC2 | § | |
| ASSET BACKED PASS THROUGH | § | |
| CERTIFICATES, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank N.A., as Trustee for New Century Home Loan Equity Trust, Series 2001-NC2 Asset Backed Pass-Through Certificates ("Trustee") (collectively, the "Defendants") hereby remove this action from the 352nd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division. In support of such removal, Defendants state as follows:

## I.
## STATE COURT ACTION

1.      On July 2, 2015, BJ Warren ("Plaintiff") filed *Plaintiff's Original Petition, Request for Temporary Restraining Order and Temporary Injunction* (the "Petition") in the 352nd Judicial District Court of Tarrant County, Texas, styled *BJ Warren v. Ocwen Loan Servicing, LLC, Power Default Services, Inc., and U.S. Bank, N.A., as Trustee for New Century*

*Home Loan Equity Trust, Series 2001-NC2 Asset Backed Pass Through Certificates,* Cause No. 352-279567-15 (the "State Court Action").

2.   Defendants Trustee and Power Default Services, Inc. ("Power Default") were served with the Petition on July 10, 2015.  Defendant Ocwen has not been served with the Petition.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446.

3.   This lawsuit seeks to enjoin foreclosure proceedings and is premised on Plaintiff's contention that Ocwen engaged in improper conduct in connection with her loan modification.  Plaintiff further alleges that she complied with the purported modification and that subsequent attempts to foreclose were improper.  Plaintiff asserts a cause of action for breach of contract.  Plaintiff seeks injunctive relief in the form of a declaratory judgment declaring that Ocwen breached the contract, and further seeks an order enjoining Defendants from foreclosing the property.  Plaintiff seeks actual damages, economic damages, costs, and attorneys' fees.

4.   Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.
## PROCEDURAL REQUIREMENTS

5.   This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. § 1441.

6.   Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

    a.   **Exhibit A**:   An index of all matters being filed;

    b.   **Exhibit B**:   A Civil Cover Sheet;

    c.   **Exhibit C**:   A Supplemental Cover Sheet;

    d.   **Exhibit D:**   A copy of the State Court docket/transaction sheet;

  e. **Exhibit E**: All pleadings and process from the State Court;

    **Exhibit E-1**: Plaintiff's Original Petition, Request for Temporary Restraining Order and Temporary Injunction;

    **Exhibit E-2:** Temporary Restraining Order;

    **Exhibit E-3:** Agreed Motion for Extension of Temporary Restraining Order and Agreed Motion for Temporary Injunction;

    **Exhibit E-4:** Rule 11 Agreement;

    **Exhibit E-5:** Order on Agreed Motion For Extension of Temporary Restraining Order and Agreed Motion for Temporary Injunction; and

    **Exhibit E-6:** Defendants' Original Answer.

  f. **Exhibit F:** Defendants' Certificate of Interested Persons.

7. Simultaneously with the filing of this Notice of Removal, Defendants are filing copies of the Notice of Removal in the 352nd Judicial District Court of Tarrant County, Texas pursuant to 28 U.S.C. § 1446(d).

8. As discussed below, Power Default was fraudulently joined in this lawsuit. As a result, its consent is not required.

## III.
## DIVERSITY JURISDICTION

**A.** **Diversity of Citizenship**

9. Removal of this action is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a), based upon the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

10. Plaintiff is a resident and citizen of Tarrant County, Texas and California. *Petition* at § 2, 11-12. For purposes of diversity jurisdiction, "[a] natural person is considered a

citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Since the filing of the Petition, Plaintiff has been, and is currently, domiciled in Texas and is a resident of Texas and a resident of California. *Petition* at § 2, 11-12. Therefore, Plaintiff is a citizen of Texas and California for diversity purposes.

11.  Ocwen Loan Servicing, LLC is a nonresident limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ocwen is Ocwen Financial Corporation ("Ocwen Financial"). A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Ocwen Financial is incorporated in Delaware and has its principal place of business in West Palm Beach, Florida. Thus, Ocwen is a citizen of Delaware and Florida for diversity purposes.

12.  U.S. Bank is sued in its capacity as Trustee. *See generally Petition*. Therefore, U.S. Bank's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." (citing *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980))). U.S. Bank is a national banking association pursuant to federal law. Under its articles of association, U.S. Bank's main office is located in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *U.S. Bank N.A. v. Alliant Energy Res. Inc.*, No. 09-

cv-078-bbc, 2009 WL 1850813, at *1 (W.D. Wis. June 26, 2009) (". . . U.S. Bank National Association is a citizen of Ohio.").

13. Power Default has been fraudulently joined as Plaintiff has not alleged any specific fact that would give rise to a viable claim against it. *See generally Petition*.

14. Under the doctrine of fraudulent joinder, the court may disregard a non-diverse defendant when: (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the non-diverse or local defendant; (2) the plaintiff has no possibility of establishing a cause of action against the non-diverse or local defendant; or (3) the claims against the non-diverse or local defendant have no real connection to the claims against the other defendants. *See Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Morgan v. Chase Home Finance, LLC*, No. 08-50288, 2008 WL 5422863, at *2 (5th Cir. Dec. 31, 2008); *see also Cantor v. Wachovia Mortg., FSB et. al.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009) (citing *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003)). Notably, a "mere theoretical possibility of recovery under local law" will not preclude a finding of fraudulent joinder. *Smallwood*, 385 F.3d at 573 n. 9; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 313 (5th Cir. 2002).

15. There are no claims asserted against Power Default in the lawsuit. In fact, all of Plaintiff's allegations pertain to Ocwen or the Trustee only. Power Default is mentioned only in passing when discussing injunctive relief in connection with the foreclosure sale. *Petition* at pp. 4-12. A review of the Petition confirms that Ocwen and Trustee are the only entities against which Plaintiff brings claims. *Id*.

16. Further, the fact that Plaintiff seeks injunctive relief against Power Default does not preclude a finding of fraudulent joinder because injunctive relief is dependent on an

underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). If injunctive relief is ultimately granted in this case, it will preclude Defendants from foreclosing on their interest in the Property. The fact that it might incidentally enjoin Power Default is not relevant for diversity jurisdiction purposes. *Id*.

17.  Consequently, Plaintiff does not even raise the "theoretical possibility" that any cause of action could be maintained against Power Default. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n. 8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see, e.g., Cantor*, 641 F. Supp. 2d at 611-12 (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee); *Cooper v. Bank of New York Mellon*, 3:13-CV-1985-N-BK, 2014 WL 349577, at *3 (N.D. Tex. Jan. 31, 2014) (holding that trustee defendants were fraudulently joined where plaintiff only named them in his plea for injunctive relief and then only insofar as he sought to prevent foreclosure of his home by "Defendant and those in privity with them."); *Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2013 WL 6079460, at *3 (N.D. Tex. Nov. 18, 2013) (dismissing trustee defendants because the petition made no allegations against them and did not state any theory under which plaintiff could recover).

18.  In light of the foregoing, no reasonable basis exists for Plaintiff's recovery against Power Default in this matter. Therefore, Power Default has been fraudulently joined and its citizenship should be disregarded for removal purposes. Accordingly, this case is properly in federal court. *Great Plains Trust Co.*, 313 F.3d at 313 (holding that where nondiverse defendant is fraudulently joined, case is properly in federal court).

19. Because Plaintiff is not a citizen of the same state as any of the Defendants, complete diversity exists in this matter. *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

## B.  Amount in Controversy

20. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is more likely than not greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]").  The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Greenberg*, 134 F.3d at 1253.  "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009); *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (order denying motion to remand).  In addition, when the entire right and title to the property is called into question by means of a declaration and/or suit to quiet title, the amount in controversy is equal to the value of the property. *Bardwell*, 2011 WL 4346328, at *2.  To determine the amount in controversy, a court may also consider actual damages, exemplary damages, and attorney fees.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).

21. The amount in controversy in this case is readily apparent on the face of the Petition.  Plaintiff has alleged a cause of action contesting Defendants' right to foreclose and

seeking to enjoin foreclosure. *Petition* at pp. 8-12. Therefore, the amount in controversy is equal to the value of the property. *Bardwell*, 2011 WL 4346328, at *2; *see also Griffin v. HSBC Bank USA*, No. 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (finding that where the plaintiff's pleadings bring into dispute the parties' interests in the property, the value of the property is an appropriate measure of the amount in controversy). Here, the Property is valued at $268,400.00. *See* Property Detail for 609 Anson Ct., Arlington, Texas 76006, available at www.tad.org.[1] The value of the Property demonstrates that the amount in controversy exceeds $75,000.

22. In addition to seeking injunctive relief to enjoin foreclosure of the Property, Plaintiff also seeks actual damages, attorneys' fees, interest, and costs. *Petition* at pp. 7-8. Thus, it is apparent from the face of the Petition based on the damages sought that the amount in controversy requirement is satisfied. *Greenberg*, 134 F.3d at 1253.

23. As there is complete diversity among the parties, and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and removal is proper.

## IV.
## CONCLUSION

WHEREFORE, Defendant removes this action from the 352nd Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] Defendants respectfully request that the Court take judicial notice of the Tarrant County Appraisal District property records pursuant to Federal Rule of Evidence 201. A true and correct copy of the property detail report is attached hereto as **Exhibit G**. Furthermore, Defendants do not contend or otherwise stipulate that this particular appraisal constitutes the most accurate valuation of the property at issue. This appraisal is referenced solely for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Rob Mowrey w/ permission A.R.W.
　　Robert T. Mowrey
　　State Bar No. 14607500
　　rmowrey@lockelord.com
　　C. Don Clayton
　　State Bar No. 24027932
　　dclayton@lockelord.com
　　Alexa R. Watt
　　State Bar No. 24065303
　　awatt@lockelord.com
　　2200 Ross Ave., Suite 2200
　　Dallas, Texas 75201
　　(214) 740-8000
　　(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via certified mail return receipt requested* on this 7th day of August 2015:

　　Ms. Brenda J. Williams
　　Bank of America Bldg., Oak Cliff Tower
　　400 S. Zang Blvd., Suite 915
　　Dallas, Texas 75208
　　214-946-0865(tel)
　　214-948-3038(fax)
　　bwilliams@bjwilliamslaw.com

　　/s/ Rob Mowrey w/ permission A.R.W.
　　Counsel for Defendants